IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RYAN PFLIPSEN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ESTATE OF ELSIE PANCOAST )<br>NOBLE d/b/a VILLITA DEL SOL, )<br>)<br>Defendants. ) | CIVIL ACTION<br><br>FILE No. 5:23-cv-593 |

## COMPLAINT

COMES NOW, RYAN PFLIPSEN, by and through the undersigned counsel, and files this, his Complaint against Defendant ESTATE OF ELSIE PANCOAST NOBLE d/b/a VLLITA DEL SOL, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendant's failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2. Plaintiff RYAN PFLIPSEN (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in San Antonio, Texas

1

(Bexar County).

3. Plaintiff is disabled as defined by the ADA.

4. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5. Plaintiff uses a wheelchair for mobility purposes.

6. Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting his civil rights, monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA. His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others, and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this Property, including returning to the Property within six (6) months after it is accessible ("Advocacy Purposes")."

7. Defendant ESTATE OF ELSIE PANCOAST NOBLE d/b/a VILLITA DEL SOL (hereinafter "Villita Del Sol") is the private individual owners of a "strip mall" type shopping plaza/commercial property that transacts business in the state of Texas and within this judicial district.

8. Villita Del Sol may be properly served with process via its owner/executor, to wit: Charles H. Noble, Jr., 401 E. Wildwood, San Antonio, Texas 78212.

**FACTUAL ALLEGATIONS**

9. On or about April 24, 2023, Plaintiff was a customer at "Merit Coffee" a business located at 5903 Broadway Street, #65, San Antonio, Texas 78209, referenced herein as the "Merit Coffee" or "The Shop."

10. Villita Del Sol is the owner or co-owner of the real property and improvements that the Merit Coffee is situated upon and that is the subject of this action, referenced herein as the "Property."

11. Plaintiff lives approximately 7 miles from the Merit Coffee and Property.

12. Plaintiff's access to the business(es) located at 5903 Broadway Street, San Antonio, Bexar County Property Identification number 171743 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and correct the ADA violations that exist at the Merit Coffee and Property, including those set forth in this Complaint.

13. Plaintiff has visited the Property at least once before as a customer and advocate for the disabled. Plaintiff intends on revisiting the Property within six months or sooner, as soon as the barriers to access detailed in this Complaint are removed and the Property is accessible again. The purpose of the revisit is to be a regular customer, to determine if and when the Property is made accessible and to maintain standing for this lawsuit for Advocacy Purposes.

14. Plaintiff intends to revisit the Merit Coffee and Property to purchase goods

and/or services.

15. Plaintiff travelled to the Merit Coffee and Property as a customer and as an independent advocate for the disabled, encountered the barriers to access at the Merit Coffee and Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Merit Coffee and Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

16. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

17. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to

        lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v)    the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

18.    Congress explicitly stated that the purpose of the ADA was to:

(i)    provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)    provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

\* \* \* \* \*

(iv)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

19.    The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

20.    The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

21.    The Merit Coffee is a public accommodation and service establishment.

22.    The Property is a public accommodation and service establishment.

23. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

24. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

25. The Merit Coffee must be, but is not, in compliance with the ADA and ADAAG.

26. The Property must be, but is not, in compliance with the ADA and ADAAG.

27. Plaintiff has attempted to, and has to the extent possible, accessed the Merit Coffee and the Property in his capacity as a customer of the Merit Coffee and Property and as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Merit Coffee and Property that preclude and/or limit his access to the Merit Coffee and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

28. Plaintiff intends to visit the Merit Coffee and Property again in the very near future as a customer in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Merit Coffee and Property and as an independent advocate for the disabled, but will be unable to fully do

so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Merit Coffee and Property that preclude and/or limit his access to the Merit Coffee and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

29. Defendant has discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Merit Coffee and Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

30. Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the Merit Coffee and Property, including those specifically set forth herein, and make the Merit Coffee and Property accessible to and usable by Plaintiff and other persons with disabilities.

31. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Merit Coffee and Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Merit Coffee and Property include, but are not limited to:

    **(a)**     **ACCESSIBLE ELEMENTS:**

(i) The front of Top Sports Medicine Associates and Kelly Wade Private Studio, the two accessible parking spaces and associated access aisle have a surface slope in excess of 1:48 in violation of section 502.4 of the 2010 ADAAG standards and are not level. This violation would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(ii) Near Top Sports Medicine Associates and Kelly Wade Private Studio, the landing at the top of the curb accessible ramp does not have 36 (thirty-six) inch clear space in violation of section 406.4 of the 2010 ADAAG standards. This violation would make it difficult and dangerous for Plaintiff to access the Property.

(iii) Near Top Sports Medicine Associates and Kelly Wade Private Studio, due to the inadequate clearance space between the wall and the curb ramp, the surfaces of the accessible route have a cross slope in excess of 1:48, in violation of section 403.3 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the units of the Property.

(iv) Between Units 5927 and 5929, the walking surfaces of the accessible route have a slope in excess of 1:20 in violation of section 403.3 of the 2010 ADAAG standards. As the accessible route is in excess of 1:20, it is considered an accessible ramp, moreover, it has a total rise greater than six (6) inches, yet does not have handrails in compliance with section 505 of the 2010 ADAAG standards, this is a violation of section 405.8 of the 2010 ADAAG Standards.

This violation would make it difficult for Plaintiff to access the units of the Property.

(v) Between Units 5917 and 5921, the walking surfaces of the accessible route have a slope in excess of 1:20 in violation of section 403.3 of the 2010 ADAAG standards. As the accessible route is in excess of 1:20, it is considered an accessible ramp, moreover, it has a total rise greater than six (6) inches, yet does not have handrails in compliance with section 505 of the 2010 ADAAG standards, this is a violation of section 405.8 of the 2010 ADAAG Standards. This violation would make it difficult for Plaintiff to access the units of the Property.

(vi) At Unit 5917, the maneuvering clearance of the accessible entrance is not level in violation of section 404.2.4.4 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to access the units of the Property.

(vii) Near Unit 5917, the walking surfaces of the accessible route have a cross slope in excess of 1:48, in violation of section 403.3 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the units of the Property.

(viii) At the bike shop (5911), the maneuvering clearance of the accessible entrance is not level in violation of section 404.2.4.4 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to access the units of the Property.

(ix) At Merit Coffee, the maneuvering clearance of the accessible entrance is not level in violation of section 404.2.4.4 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to access the units of the Property.

(x) Due to the barriers to access identified in (f), (h) and (i), not all entrance doors and doorways comply with section 404 of the 2010 ADAAG standards, this is a violation of section 206.4 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to access the units of the Property.

(xi) The Property has an inadequate number of accessible parking spaces in violation of section 208.2 of the 2010 ADAAG standards. There are a total of 77 parking spaces requiring a minimum of four (4) accessible parking spaces on the Property, but there are only two (2) accessible parking spaces. This violation would make it difficult for Plaintiff to locate an accessible parking space and limited the travel options to visit the Property.

(xii) Defendant fails to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

32. The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Merit Coffee and Property.

33. Plaintiff requires an inspection of Merit Coffee and Property in order to determine all of the discriminatory conditions present at the Merit Coffee and Property in violation of the ADA.

34. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

35. All of the violations alleged herein are readily achievable to modify to bring the Merit Coffee and Property into compliance with the ADA.

36. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Merit Coffee and Property is readily achievable because the nature and cost of the modifications are relatively low.

37. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Merit Coffee and Property is readily achievable because Defendants have the financial resources to make the necessary modifications.

38. Upon information and good faith belief, the Merit Coffee and Property have been altered since 2010.

39. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

40. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Merit Coffee and Property, including those alleged herein.

41. Plaintiff's requested relief serves the public interest.

42. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendant.

43. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendant pursuant to 42 U.S.C. §§ 12188 and 12205.

44. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendant to modify the Merit Coffee and Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Merit Coffee in violation of the ADA and ADAAG;

(b) That the Court issue a permanent injunction enjoining Defendant from continuing their discriminatory practices;

(c) That the Court issue an Order requiring Defendant to (i) remove the physical barriers to access and (ii) alter the subject Merit Coffee to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(d) That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(e) That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: May 10, 2023.

Respectfully submitted,

/s/  Dennis R. Kurz
Dennis R. Kurz
*Attorney-in-Charge for Plaintiff*
Texas State Bar ID No. 24068183
Kurz Law Group, LLC
4355 Cobb Parkway, Suite J-285
Atlanta, GA 30339
Tele: (404) 805-2494
Fax: (770) 428-5356
Email: dennis@kurzlawgroup.com